IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAMES EUGENE YATES                                                                PLAINTIFF

v.                     No. 3:11CV00301 JLH/JTR

MIKE ALLEN, Sheriff of
Crittenden County, et al.                                            DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff, James Eugene Yates, is a pretrial detainee in the Crittenden County Detention Facility ("CCDF"). He has recently filed a *pro se* § 1983 Substituted Complaint and a Second Motion for Emergency Assistance. The Court will discuss each matter separately.

### I. Plaintiff's Substituted Complaint

On December 30, 2011, Plaintiff filed a lengthy and confusing Complaint alleging that thirteen separate Defendants violated his constitutional rights *in numerous and unrelated ways* since he began his confinement in the CCDF in March of 2011. *See* docket entry #2. For instance, Plaintiff alleged, among other things, that Defendant: (1) failed to provide him with adequate medical care for a variety of medical and mental health problems; (2) subjected him to numerous and unrelated inhumane conditions of confinement; (3) denied him access to the courts; (4) interfered with his mail; (5) discriminated against him; and (6) used excessive force. *Id.*

On January 5, 2012, the Court struck the Complaint from the record because it was filed in clear violation of Fed. R. Civ. P. 8 and 21. *See* docket entry #6. Plaintiff was then given thirty days to file a Substituted Complaint that contained only legally and factually related claims and that otherwise complied with the Federal Rules of Civil Procedure.[1] Importantly, the Court advised Plaintiff that the case would be dismissed, without prejudice, if he failed to timely and properly do so. *Id.*

On January 27, 2012, Plaintiff filed a Substituted Complaint that is as lengthy and confusing as his original Complaint. *See* docket entry #13. Once again, Plaintiff alleges that fourteen separate Defendants[2] have violated his constitutional rights in *numerous and unrelated ways*. *Id.* In fact, it appears that Plaintiff has repeated most, if not all, of the *factually and legally distinct claims* raised in his original Complaint.

---

[1] Specifically, the Court explained to Plaintiff that his Substituted Complaint must:

> set forth claims that: (1) arise out of the same incident or event; and (2) involve common questions of fact and law. Additionally, the Substituted Complaint must: (1) name *only* the Defendants involved in those related claims; (2) clarify how *each* named Defendant *personally participated* in that specific constitutional violation; and (3) clearly and concisely set forth the facts giving rise to each related claim, including the time and place of all relevant incidents.

*See* docket entry #6 at 5 (emphasis in the original). Additionally, the Court explained that Plaintiff could bring his factually and legally distinct claims in separate lawsuits.

[2] Twelve of the Defendants were named in Plaintiff's original Complaint, and two are newly named Defendants. *See* docket entry #13.

Accordingly, this case is dismissed, without prejudice, due to Plaintiff's failure to comply with the Federal Rules of Civil Procedure and the clear instructions contained in the Court's January 5, 2012 Order.

## II. Plaintiff's Second Motion for Emergency Assistance

On December 30, 20111, Plaintiff filed a "Motion for Emergency Assistance," alleging that he was receiving inadequate medical care for: (1) type 1 diabetes; (2) unexplained sores on his head and feet; (3) unspecified kidney problems; (4) constipation; (5) numbness in his arm; and (6) a "knot" growing on a metal plate in his head. *See* docket entry #3.

On January 5, 2012, the Court denied the Motion because Plaintiff failed to explain: (1) the emergency relief he wanted to receive for his various medical problems; and (2) how he would suffer "immediate and irreparable injury, loss, or damage" before the Defendants were served or had an opportunity to address his allegations. *See* docket entry #6 (citing Fed. R. Civ. P. 65(a)).

On January 27, 2012, Plaintiff filed a Second Motion for Emergency Assistance renewing his conclusory allegations that he is receiving inadequate medical care for the six medical problems listed in his original Motion for Emergency Assistance. *See* docket entry #16. Plaintiff now adds that he is also receiving inadequate medical care for swollen feet and legs, rotting toe nails, unspecified mental illnesses, loose teeth,

sleeplessness, and the loss of 160 pounds in five and one half months. *Id.* Plaintiff asks the Court to enter an emergency order requiring Defendants to perform *unspecified* medical tests and exams to properly diagnose *all* of his various medical problems. However, once again, Plaintiff has failed to explain how he will be suffer immediate and irreparable injury, loss, or damage before the Defendants are served or have an opportunity to address his allegations. *Id.* Accordingly, the Motion is denied.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Second Motion for Emergency Assistance (docket entry #16) is DENIED.

2. Pursuant to Local Rule 5.5(c)(2), this case is DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to properly comply with the Court's January 5, 2012 Order.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal would not be taken in good faith.

Dated this 6th day of February, 2012.

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE